1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

VIJAYA RAGHAVAN SRIDHARAN and
KANCHANA S. SRIDHARAN,

                              Plaintiffs,

        v.

U.S. ARMY CORPS OF ENGINEERS,
U.S. ENVIRONMENTAL PROTECTION
AGENCY, PACIFIC DRILLING, LTD.,
RAMA MEDABALMI, and
MAHESH BALAKRISHNAN,

                              Defendants.

Case No. 1:11-CV-00024


**DECISION AND ORDER
GRANTING PACIFIC DRILLING'S
MOTION TO DISMISS**

    This dispute regards Plaintiffs Vijaya Sridharan and his wife's tort and statutory claims against United States government agencies and others.  These claims arise out of his employment with Defendant Pacific Drilling, Ltd. ("Pacific Drilling").  Before the Court is Pacific Drilling's motion to dismiss for failure to state a claim.  (ECF No. 22.)  It seeks dismissal of three tort claims, and only as those claims relate to Pacific Drilling.  (ECF No. 23 at 3 (hereinafter "Motion").)

    The Court has considered the written and oral arguments of both parties.  The Court finds that the Commonwealth of the Northern Mariana Islands' ("Commonwealth") workers' compensation statute both requires that a plaintiff affirmatively plead the non-availability of a workers' compensation remedy and bars non-intentional tort claims against an employer. Accordingly, the Court GRANTS Pacific Drilling's motion to dismiss the second and third causes of

1

action (gross negligence and strict liability) in their entirety and the sixth cause of action (loss of consortium) with respect to Pacific Drilling.

## I.    BACKGROUND

Plaintiffs Vijaya and Kanchana Sridharan (collectively "Sridharan") allege the following facts in their complaint.  Vijaya Sridharan was an employee of Pacific Drilling, working as a heavy equipment operator, from 1997 to 2010.  (ECF No. 1 at ¶ 15 (hereinafter "Complaint").)  At some point no later than 2008, Pacific Drilling assigned him to work at the Marpi Landfill.  (*Id.* at ¶ 16.)  In 2008, Defendant U.S. Army Corps of Engineers, under Defendant Environmental Protection Agency's supervision, improperly disposed of lead and other toxins at this landfill.  (*Id.* at ¶¶ 20–23.)

In the past, Pacific Drilling undertook adequate safety procedures in its operations.  (*Id.* at ¶ 24.)  That changed when Defendant Mahesh Balakrishnan ("Balakrishnan") became a supervisor.  (*Id.*)  The complaint does not allege when this occurred.  With Balakrishnan supervising the Marpi Landfill project, Pacific Drilling failed to comply with numerous safety procedures.  (*Id.* at ¶¶ 25–35.)  This failure exposed Sridharan to the improperly disposed of toxins, which harmed his health.  (*Id.* at ¶¶ 16–17, 59–60.)

Sridharan's health problems began in late 2008, after he was exposed to the toxins.  (*See id.* at ¶¶ 16, 20–21.)  In April 2010, his health problems progressed to the point where he could no longer work.  (*Id.* at ¶ 16.)  A few months later he was diagnosed with progressive muscular atrophy, a degenerative condition that will likely result in his death.  (*Id.* at ¶ 17.)

The complaint pleads six causes of action.  Only three are relevant to this motion: the gross negligence tort claim against Pacific Drilling (second cause of action); the strict liability tort claim

against Pacific Drilling (third cause of action); and the loss of consortium claim against Pacific Drilling and Defendants Army Corps of Engineers and Environmental Protection Agency (sixth cause of action).  (*See id*. at ¶¶ 53, 64, 94.)

## II.    JURISDICTION

The Court has subject matter jurisdiction over civil actions against the United States pursuant to 28 U.S.C. § 1346(b)(1).  Additionally, the Court has subject matter jurisdiction over the Fair Labor Standards Act claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).  Finally, the Court has subject matter jurisdiction over the claims against Pacific Drilling pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 381 (1959).

## III.    STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume "that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted). Legal conclusions, however, need not be accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555–56 (A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .").  "To survive a motion to dismiss," these allegations must make the complaint's "claim to relief . . . plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

3

## IV.   DISCUSSION

Pacific Drilling argues that the Commonwealth's workers' compensation statute bars Sridharan's three tort claims.  (Motion at 5–10.)  This statute declares that workers' compensation is the "exclusive remedy for injury or death of an employee against the employer" where (1) "the conditions of compensation exist" and (2) the employer did not "fail[] to secure payment of compensation as required by this chapter . . . ."[1]  4 C.M.C. § 9305 (2010).

Interpreting this statute raises four issues: (1) Does the statute place the burden of pleading the non-availability of a workers' compensation remedy on a plaintiff; (2) does the statute bar gross negligence tort claims; (3) does it bar intentional tort claims; and (4) does it bar strict liability tort claims or claims for loss of consortium?   Unrelated to these statutory issues, Pacific Drilling's motion raises a fifth issue: Do the complaint's allegations make it plausible that exposure to the toxins caused Sridharan's injuries?

Some of these issues turn on areas of Commonwealth law where the Commonwealth Supreme Court has not yet ruled.  In these areas, the Court "must make a reasonable determination of the result the highest state court would reach if it were deciding the case."  *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002) (internal quotation marks omitted).  This determination is guided by "intermediate appellate court decisions, decisions from

---

[1]       This section of the statute, in entirety, reads: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this chapter, is the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of such other employee's employment; provided that, if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death resulted from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or for damages on account of such injury or death.  In such action, the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

4

other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990); *see also* 7 C.M.C. § 3401 (2010).

The Court finds a reasonable determination to be that the Commonwealth Supreme Court would conclude both that a plaintiff bears the burden of pleading the non-availability of a workers' compensation remedy and that the statute bars all non-intentional tort claims against an employer. Sridharan has not pled the non-availability of a workers' compensation remedy, and he has not plausibly pled that Pacific Drilling committed an intentional tort.  Both serve as independent reasons for dismissing the three causes of action.  Thus, the Court does not address the issue of causation.

### A.  BURDEN OF PLEADING

Commonwealth law has not established whether a plaintiff bears the burden of pleading the non-availability of a workers' compensation remedy.  Examining its workers' compensation statute reveals that the Commonwealth legislature both generally followed Guam's workers' compensation statute and specifically followed California's in drafting the exclusive remedy provision.  Standing Comm. Rep. No. 6-43, Re: House Bill No. 6-60, H.D. 1, at 2, 7 (N. Mar. I. 1988), *available at* ECF No. 23-1 (stating that the Commonwealth's workers' compensation statute "replicates in its major provisions the workers' compensation law of Guam" and that the bill amends the statute's exclusive remedy provision to use "[l]egally more succinct language[,] [with] [p]ortions of this definition reflect[ing] the California code").  The Commonwealth's reliance on California's exclusive remedy provision is evident from a comparison.[2]

---

[2]      Commonwealth: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this chapter, is the exclusive remedy for injury or death of an employee against the employer . . . ."  4 C.M.C. § 9305 (2010).
         California: "Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ."  Cal. Labor Code § 3602(a) (2012).

1      Both California and Guam require that a plaintiff employee plead the non-availability of a

2  workers' compensation remedy.  California requires this only "where the complaint affirmatively

3  alleges facts indicating coverage by the [workers' compensation statute]."[3]  *Doney v. Tambouratgis*,

4  587 P.2d 1160, 1163–64 (Cal. 1979).  If the complaint does not plead the inapplicability of the

5  statute, "no civil action will lie and the complaint is subject to a general demurrer."  *Id.*

6      Guam courts have not yet determined whether a plaintiff bears this pleading burden under its

7  statute.  *Cruz Reyes v. United States*, Civ. No.08-00005, 2010 WL 5207583, at *4 (D. Guam Dec.

8  15, 2010).  However, its supreme court has declared that, in interpreting its workers' compensation

9  statute, New York law is persuasive.  *Gibbs v. Holmes*, 2001 Guam 11, ¶ 15 (2001); *see also Cruz*

10  *Reyes*, 2010 WL 5207583, at *4.  Under New York law, a plaintiff bears this burden.  *O'Rourke v.*

11  *Long*, 359 N.E.2d 1347, 1352–53 (N.Y. 1976).  In a similar situation, the District Court of Guam

12  reasonably determined that Guam courts would follow New York law and, accordingly, held that a

13  plaintiff bears the burden of pleading that the workers' compensation statute is not the exclusive

14  remedy.  *Cruz Reyes*, 2010 WL 5207583, at *4.

15      In short, the provenance of the Commonwealth's exclusive remedy provision indicates that,

16  at minimum, a plaintiff must plead non-availability of a workers' compensation remedy when the

17  complaint alleges facts indicating workers' compensation coverage.  Accordingly, a reasonable

18  determination of how the Commonwealth Supreme Court would conclude is that it would find this

19  provenance persuasive and place the pleading burden on a plaintiff.

20

21

22  [3]      Under California law, a defendant generally "bears the burden of pleading and proving, as an affirmative
defense to the action, the existence of the conditions of compensation . . . ."  *Doney*, 587 P.2d at 1163.  However, an
23  exception to this general rule is "the situation where the complaint affirmatively alleges facts indicating coverage by the
[workers' compensation] act."  *Id.* at 1163–64.

24

In this case, the complaint alleges facts indicating that these injuries arose out of and in the course of employment, thus suggesting that the Commonwealth's workers' compensation statute applies. (*See* Complaint at ¶¶ 15–19, 24–36, 54–57.)  The complaint did not, however, affirmatively plead the non-availability of a workers' compensation remedy.  Accordingly, this omission serves as one basis for dismissing the tort claims.

Sridharan has not persuasively argued that this conclusion is wrong.  First, he claims that pleading an intentional tort claim against his employer effectively pleads non-availability of a workers' compensation remedy.  (ECF No. 29 at 10–11 (hereinafter "Opposition").)  Whatever the merit of this argument, the complaint itself does not plausibly plead an intentional tort claim.  Thus, the argument is moot.

Sridharan also argues that Pacific Drilling failed to secure compensation as required by the statute, so the exclusive remedy provision does not bar the tort claims.  (Opposition at 11–13.)  Such an allegation, supported by facts making it plausible, would be sufficient to survive a motion to dismiss if it were made in the complaint.  But because this allegation is external to the complaint, the Court does not consider it on a motion to dismiss.  *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980).

### B.  GROSS NEGLIGENCE TORT CLAIM

Pacific Drilling argues that the Commonwealths' workers' compensation statute bars gross negligence tort claims against an employer for injuries arising out of employment.  (Motion at 8.)  This statute provides that it is the "exclusive remedy for injury . . . ."  4 C.M.C. § 9305 (2010).  It further defines injury to mean "accidental injury . . . arising out of and in the course of employment .

1    . . .   The term includes an injury caused by the willful act of a third person inflicted upon any

2    employee in the course of his employment."  *Id.* § 9302(o).

3           The Commonwealth Supreme Court has not yet determined whether this statute bars gross

4    negligence tort claims.  Nearly all jurisdictions, including California and New York, have concluded

5    that their workers' compensation statutes bar gross negligence tort claims against an employer.[4]

6    Upon review, it appears that only one jurisdiction allows such claims, and it does so because the

7    workers' compensation statute explicitly authorizes it.  *See* Tex. Labor Code Ann. § 408.001(b)

8    (West 2011) (authorizing gross negligence claims for punitive damages only); *Barnes v. United*

9    *Parcel Serv.*, No. 01-09-00648-CV, 2012 WL 112252, at *2 (Tex. Ct. App. Jan. 12, 2012).

10

11   _____

12   [4]      *E.g.* Arthur Larson & Lex K. Larson, 6 *Larson's Workers' Compensation Law* § 103.03 (2012) ("The common-
     law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused
13   by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or
     other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an
14   injury."); *see also Treadwell v. Dow-United Techs.*, 970 F. Supp. 974, 987 (M.D. Ala. 1997); *Cole v. Fair Oaks Fire
     Prot. Dist.*, 729 P.2d 743, 749–50 (Cal. 1987) ("To permit liability where the employer did not specifically intend to
15   cause distress but his misconduct reflected a reckless disregard of the probability of injury would . . . . 'undermine the
     underlying premise upon which the workers' compensation system is based.' "); *Mingachos v. CBS, Inc.*, 491 A.2d 368,
16   378 (Conn. 1985); *Stayton v. Clariant Corp.*, 10 A.3d 597, 599–600 (Del. 2010); *Houston v. Bechtel Assocs. Prof'l
     Corp., D.C.*, 522 F. Supp. 1094, 1096 (D.D.C. 1981); *Suckow v. NEOWA FS, Inc.*, 445 N.W.2d 776, 780 (Iowa 1989);
17   *Pendergrass v. R.D. Michaels, Inc.*, 936 So. 2d 684, 689, 689 n.1 (Fla. Dist. Ct. App. 2006); *Shamrock Coal Co. v.
     Maricle*, 5 S.W.3d 130, 133–35 (Ky. 1999); *Broussard v. Smith*, 999 So. 2d 1171, 1174 (La. Ct. App. 2008); *Parra v.
18   Four Seasons Hotel*, 605 F. Supp. 2d 314, 336 (D. Mass. 2009); *Gray v. Morley*, 596 N.W.2d 922, 925–26 (Mich. 1999);
     *Brown v. Westinghouse Elec. Corp.*, 803 S.W.2d 610, 616–17 (Mo. Ct. App. 1990) (applying Indiana workers'
19   compensation law); *Johnson v. Mountaire Farms of Delmarva, Inc.*, 503 A.2d 708, 711–12 (Md. 1986); *Easterling v.
     AT&T Mobility, LLC*, 824 F. Supp. 2d 729, 733 (S.D. Miss. 2011); *Wise v. CNH America, LLC*, 142 P.3d 774, 776–77
20   (Mont. 2006); *Van Dunk v. Reckson Assocs. Realty Corp.*, 45 A.3d 965, 966–67 (N.J. 2012); *Acevedo v. Consolidated
     Edison Co.*, 596 N.Y.S.2d 68, 70–71 (N.Y. App. Div. 1993) ("While the conduct alleged might rise to the level of gross
21   negligence, it cannot be said to meet the necessary threshold of a willful intent to harm the particular employee-
     plaintiffs."); *Trivette v. Yount*, 720 S.E.2d 732, 736 (N.C. Ct. App. 2011); *Vacha v. N. Ridgeville, Ohio*, No.
22   10CA009750, 2011 WL 1992041, at *4 (Ohio Ct. App. May 23, 2011); *Kilminster v. Day Mgmt. Corp.*, 919 P.2d 474,
     487 (Or. 1996); *McMillin v. Mueller*, 695 N.W.2d 217, 222 (S.D. 2005); *Gonzales v. Alman Const. Co.*, 857 S.W.2d 42,
23   46 (Tenn. Ct. App. 1993); *Feliciano Rolon v. Ortho Biologics LLC*, 404 F. Supp. 2d. 409, 414 (D.P.R. 2005);
     *Richardson v. Valley Asphalt, Inc.*, 109 F. Supp. 2d 1332, 1339–40 (D. Utah 2000); *Chayer v. Ethan Allen, Inc.*, 954
24   A.2d 783, 787–91 (Vt. 2008); *Vallandigham v. Clover Park Sch. Dist. No. 400*, 109 P.3d 805, 810–12 (Wash. 2005);
     *Sedgmer v. McElroy Coal Co.*, 640 S.E.2d 129, 134 (W. Va. 2006); *see Stringer v. Minnesota Vikings Football Club,
     LLC*, 705 N.W. 2d 746, 754 (Minn. 2005).

1      The Commonwealth's workers' compensation statute does not explicitly authorize gross

2  negligence tort claims against an employer.  *See* 4 C.M.C. § 9305 (2010).   In addition, the

3  Commonwealth Superior Court has held that the Commonwealth does not "recogniz[e] 'gross

4  negligence' as a cause of action apart from ordinary negligence."  *Peng v. Commonwealth Gov't*

5  *Dep't of Health*, Civ. No. 06-0050, slip. op. at 5 (N. Mar. I. Commw. Super. Ct. Jan. 18, 2007),

6  *available at* http://www.cnmilaw.org/pdf/superior_court/07-01-18-CV06-0050.pdf; *see also Flores*

7  *v. First Hawaiian Bank*, No. 1:11-CV-00022, 2012 WL 2550593, at *8 (D. N. Mar. I. Feb. 15,

8  2012).  Accordingly, a reasonable determination is that the Commonwealth Supreme Court would do

9  the same.

10      Sridharan's arguments otherwise are not persuasive.   Sridharan asserts that the exclusive

11  remedy provision does not bar a tort based on an employer's willful act.  (Opposition at 9.)   For

12  support, he cites several cases outside the context of workers' compensation statutes where courts

13  have recognized that willful acts include gross negligence.  (*Id.* at 9–10.)   These cases are not

14  persuasive in the context of workers' compensation, where the exclusive remedy provision bars such

15  claims.

16      Sridharan also argues that the exclusive remedy provision does not bar foreseeable torts

17  because the statute applies only to an "accidental injury" and the Commonwealth Superior Court has

18  defined accidental to mean unexpected.  (*Id.* at 7–8); *see also* 4 C.M.C. § 9302(o) (2010); *Muna v.*

19  *Pacific Dev., Inc.*, Civ. No. 96-1115, slip op. at 7–8 (N. Mar. I. Commw. Super. Ct. Aug. 10, 1998),

20  *available at* http://www.cnmilaw.org/pdf/superior_court/98-08-10-CV96-1115.pdf; *Din v. Eastern*

21  *Hope Corp.*, Civ. No. 99-0561D, slip op. at 7–9 (N. Mar. I. Commw. Super. Ct. Mar. 14, 2002),

22  *available at* http://www.cnmilaw.org/pdf/superior_court/02-03-14-CV99-0561.pdf (discussing and

23  applying *Muna* in the same context).

24

1    This argument is untenable.  Limiting the exclusive remedy provision to barring only claims

2    arising from unexpected injuries would allow an employer to be sued for a gross negligence tort.

3    Nearly no jurisdiction allows this, and the Commonwealth Superior Court has held that gross

4    negligence torts are not a cause of action in the Commonwealth.  *Peng*, Civ. No. 06-0050, at 5.

5    Additionally, *Muna* and *Din* did not intend to allow gross negligence tort claims against an

6    employer.  Both focused only on the issue before them: Whether the exclusive remedy provision

7    bars a tort claim against an employer for another person's intentional tort, not the employer's.  *See*

8    *Muna*, Civ. No. 96-1115, at 7–8; *Din*, Civ. No. 99-0561D, at 7–9.  Further, both *Muna* and *Din*

9    suggest that, in the context of an employer's wrongful conduct, the exclusive remedy provision bars

10   tort claims against an employer so long as the employer's conduct did not rise to the level of an

11   intentional tort.  For example, the court writes in *Din* that "Plaintiff's injuries were 'accidental' for

12   purposes of the [statute] as there was no reference in the pleadings that [the employer] *intended* the

13   injuries . . . ."  *Din*, Civ. No. 99-0561D, at 8 (emphasis added).  Similarly, *Muna* states that "[u]nless

14   an injury is *intentional* on the part of the employer, the Worker's Compensation provisions are best

15   equipped to compensate an injured employee."  *Muna*, Civ. No. 96-1115, at 8 (emphasis added).

16   Because the Court concludes that gross negligence tort claims against an employer are

17   barred, punitive damages for such claims are also barred.  Larson & Larson, *supra*, § 100.03

18   (Whenever "compensatory damages would be barred, punitive damages are also barred."); *see also*

19   *North v. United States Steel Corp.*, 495 F.2d 810, 811–12 (7th Cir. 1974); *Liberty Mut. Ins. Co. v.*

20   *Stevenson*, 368 S.W.2d 760, 764 (Tenn. 1963).  Sridharan argues that punitive damages for gross

21   negligence tort claims against an employer are not barred because the statute does not explicitly

22   prohibit it and Texas courts allow such claims.  (Opposition at 14–16); *see* 4 C.M.C. § 9305 (2010).

23   But as already discussed, Texas' statute differs from nearly all jurisdictions because its exclusive

24

remedy provision explicitly allows gross negligence or intentional tort claims for punitive damages. *See* Tex. Labor Code Ann. § 408.001(b) (West 2011).  By contrast, the Commonwealth's statute does not explicitly allow such claims.  *See* 4 C.M.C. § 9305 (2010).  Thus, a reasonable interpretation is that the workers' compensation statute bars all damages arising from gross negligence tort claims against an employer.

## C. INTENTIONAL TORT CLAIM

The Commonwealth Supreme Court has not determined whether the workers' compensation statute bars intentional tort claims against an employer.  In most jurisdictions, courts have determined that the exclusive remedy provision does not bar such claims.  *E.g.*, Arthur Larson & Lex K. Larson, 6 *Larson's Workers' Compensation Law* § 103.01 (2012); *see, e.g.*, *Cole v. Fair Oaks Fire Prot. Dist.*, 729 P.2d 743, 748–50 (Cal. 1987); *Acevedo v. Consolidated Edison Co.*, 596 N.Y.S.2d 68, 70–71 (N.Y. App. Div. 1993).  One rationale for this is that workers' compensation covers "accidental" injuries, and an intentional tort is not accidental.  *E.g.*, Larson & Larson, *supra*, § 103.01; *see, e.g.*, *Soares v. City of Oakland*, 9 Cal. App. 4th 1822, 1827 (Cal. Ct. App. 1992).

The Commonwealth's workers' compensation statute limits its coverage to "accidental injur[ies]" and explicitly includes within that a third person's, but not an employer's, intentional tort. 4 C.M.C. §§ 9302(o), 9305 (2010)*; see also id.* § 9342.  Additionally, the Commonwealth Superior Court has declared that the workers' compensation statute does not bar intentional tort claims against an employer.  *E.g.*, *Muna v. Pacific Dev., Inc.*, Civ. No. 96-1115, at 8.  Accordingly, it seems a reasonable determination that the statute does not bar intentional tort claims.

To prove an intentional tort, an employer must have more than mere "awareness of the danger."  *E.g.*, Larson & Larson, *supra*, § 103.03; *see, e.g.*, *Cole*, 729 P.2d at 750; *Acevedo*, 596

11

N.Y.S.2d at 71.  Rather, an employer must have a "deliberate intent to injure," "with the desire to bring about the consequences of the act."  *E.g.*, Larson & Larson, *supra*, § 103.03; *see, e.g.*, *Cole*, 729 P.2d at 750; *Acevedo*, 596 N.Y.S.2d at 71 (internal quotation marks omitted).

Because the exclusive remedy provision bars all non-intentional tort claims, "the great majority of [toxic] tort claims against employers" are barred.  *See* 2 Toxic Torts Prac. Guide § 22:5 (2012).  Some courts, however, have recognized that an intentional tort includes an employer's misrepresentation of a hazard, typically where these misstatements aggravate the injury.  *Id.*  These misstatements cannot be generalities about a work area's safety.  *Id.*

The California Supreme Court, for instance, has recognized that the exclusive remedy provision does not bar a tort claim "for aggravation of [the workplace injury], as distinct from the hazards of the employment which caused [the injury]."  *John-Manville Products Corp. v. Superior Court*, 612 P.2d 948, 955 (Cal. 1980).  To overcome the exclusive remedy bar in a tort claim for aggravation of the workplace injury, an employee must show an employer's fraudulent concealment.  *See id.* (Employee's allegations that his employer "fraudulently concealed from [the employee and his doctors], . . . as well as from the state, that he was suffering from a disease caused by ingestion of asbestos, thereby preventing him from receiving treatment for the disease and inducing him to continue to work under hazardous conditions . . . . [was] sufficient to state a cause of action for aggravation").  Absent fraudulent concealment, the exclusive remedy provision bars the claim.  *Id.* at 954 ("[I]f the complaint alleged only that plaintiff contracted the disease because defendant knew and concealed from him that his health was endangered by . . . the work environment, failed to supply adequate protective devices[,] . . . and violated governmental [safety] regulations[,] . . . plaintiff's [tort claim would be barred].")

12

The complaint here does not allege sufficient facts to make an intentional tort or fraudulent concealment claim plausible.  It labels the second cause of action as one of "Gross Negligence." (Complaint at ¶ 53.)  Sridharan now, however, claims that what he actually pled was an intentional tort.  (Opposition at 7.)  To reach this conclusion, he points to the following excerpts of the complaint: (1) "The conduct of [Pacific Drilling] evidenced a lack of regard for the health and safety of Mr. Sridharan and the other employees of [Pacific Drilling] working at the Marpi Landfill, was outrageous, willful and *intentional*" (Opposition at 7; Complaint at ¶ 36); (2) "[Pacific Drilling] was reckless, careless, indifferent, and negligent in that [Pacific Drilling], *knew, or* in the exercise of reasonable care *should have known*, that the hazardous contaminants . . . were poisonous . . . ." (Opposition at 8; Complaint at ¶ 60); and (3) "The conduct of Defendant [Pacific Drilling] was outrageous and *intentional* and entitles Plaintiff to an award of punitive damages."  (Opposition at 8; Complaint at ¶ 61.)

These are not allegations of fact; they are legal conclusions.  Sridharan has not alleged any facts supporting an intentional tort claim, let alone facts making such a claim plausible.  The only relevant facts alleged by Sridharan address Pacific Drilling's failure to take proper safety procedures—such as its failure to provide protective equipment, safe facilities, safety briefings, and functioning heavy equipment.  (Complaint at ¶¶ 24–35, 56–57.)  This failure to act supports a claim of negligence or even gross negligence, but not an intentional tort.

Similarly, Sridharan's has not pled a plausible tort claim for fraudulent concealment.  The complaint does not allege that Pacific Drilling's misrepresentations aggravated Sridharan's injury or that Pacific Drilling made misrepresentations.  At most, Sridharan alleges that Pacific Drilling knew or should have known of the hazardous contaminants' danger.  (*See, e.g.*, Complaint at ¶¶ 57–60.)

**D.  STRICT LIABILITY AND LOSS OF CONSORTIUM CLAIMS**

The Commonwealth Supreme Court has not determined whether the exclusive remedy provision bars strict liability tort claims or loss of consortium claims.  For the same reasons as already discussed, a reasonable determination is that the supreme court would conclude it bars both.

The exclusive remedy provision bars common law tort claims against an employer when the employee's injury did not result from the employer's intentional tort.  Larson & Larson, *supra*, § 100.03.  Strict liability neither is an intentional tort nor satisfies one of the narrow exceptions.  Accordingly, the exclusive remedy provision bars it.  *See, e.g.*, *Shook v. Jacuzzi*, 59 Cal. App. 3d 978, 981 (Cal. Ct. App. 1976).

Similarly, with loss of consortium claims, a reasonable determination is that the Commonwealth Supreme Court would bar them.  Most jurisdictions, including California and New York, bar loss of consortium claims.  *See* Larson & Larson, *supra*, § 101.02; s*ee, e.g.*, *LeFiell Mfg. Co. v. Superior Court*, 282 P.3d 1242, 1249 (Cal. 2012) ("[A] claim of loss of consortium . . . is barred under the derivative injury and workers' compensation exclusivity rules.").  Additionally, the Commonwealth's workers' compensation statute implies such claims are barred.  The statute explicitly provides compensation to a surviving spouse where the employee dies, see 4 C.M.C. § 9309 (2010), but is otherwise silent on spousal benefits.

## V.    CONCLUSION

Sridharan has neither affirmatively pled the non-availability of a workers' compensation remedy nor plausibly pled an intentional tort.  Accordingly, the Court grants Pacific Drillings' motion to dismiss.  The second and third causes of action are dismissed in entirety, and the sixth cause of action is dismissed only as it relates to Pacific Drilling.

The Court grants Sridharan's request for leave to amend the complaint.  (*See* Opposition at 18; ECF No. 33 at 9); s*ee also Lacey v. Maricopa County*, 693 F.3d 896, 926–27 (9th Cir. 2012) (recognizing "a generous standard for granting leave to amend from a dismissal for failure to state a claim").

SO ORDERED this 28th day of December, 2012.

RAMONA V. MANGLONA
Chief Judge